FILED
CLERK
9:42 am, Oct 18, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARY COLLETTA, R.N.,

                            Plaintiff,

                  - against-

NORTHWELL HEALTH, PECONIC BAY MEDICAL
CENTER, ANDREW MITCHELL in his official capacity
as CEO/President Peconic Bay Medical Center and Northwell
Health and Individually, STEPHANIE RUSSO in her official
capacity as Associate Executive Director of Surgical Services
and Individually, MONICA CHESTNUT RAULS in her
official capacity as Vice President of Human Resources, and
Individually, MELISSA TRUCE in her official capacity as
Employee Labor Relations Manager and Individually,
ELISSA FRANKLIN in her official capacity as Employee
Benefits Manager, Peconic Bay Medical Center and
Northwell Health and Individually, FROBEL CHUNGATA,
individually as Regional Director, New York State Division
of Human Rights, VLADIMIR SHERMAN in his official
capacity as Program Representative New York State Nurses
Association and Individually, and NEW YORK STATE
NURSES ASSOCIATION,

                           Defendants.
------------------------------------------------------------------------X

**ORDER**
17-CV-6652 (SJF)(GRB)

FEUERSTEIN, District Judge:

      Plaintiff Mary Colletta, R.N. ("Plaintiff" or "Colletta") commenced this action alleging, *inter alia,* violations of her constitutional rights by (1) Defendants Northwell Health ("Northwell"), Peconic Bay Medical Center (the "Hospital"), Andrew Mitchell, Stephanie Russo, Monica Chestnut Rauls, Melissa Truce, and Elissa Franklin (collectively, the "Northwell Defendants"); (2) New York State Nurses Association (the "Union") and Vladimir Sherman ("Sherman") (collectively, the "Union Defendants"); and (3) Frobel Chungata ("Chungata"). Motions to dismiss the Consolidated Amended Complaint ("CAC") were submitted by Chungata, *see* Motion, Docket Entry ("DE") [57], the Union Defendants, *see* Motion, DE [59],

and the Northwell Defendants. *See* Motion, DE [60]. Pending before the Court are various objections to the Report and Recommendation of the Honorable Gary R. Brown, United States Magistrate Judge, dated August 19, 2019 (the "Report"), *see* DE [64], recommending, *inter alia,* that (1) the motions to dismiss by the individual Northwell defendants be granted; (2) the motion to dismiss the Union Defendants be granted; (3) the motion to dismiss of Chungata be granted; and (4) that Northwell's motion to dismiss the Second, Fifth, Sixth, Seventh, and Eighth Claims for Relief be granted. For the reasons set forth below, Magistrate Judge Brown's Report is adopted.

**I. STANDARD OF REVIEW**

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). However, the Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985). In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review." *Owusu v. New York State Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted); *see also Trivedi v. New York State Unified Court Sys. Office of Court Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011) ("[W]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . Objections to a Report must be specific and clearly aimed at

particular findings in the magistrate judge's proposal." (internal quotation marks and citation omitted; alterations in original)), *aff'd sub nom Seck v. Office of Court Admin.*, 582 F. App'x 47 (2d Cir. 2014). Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13.

## II. OBJECTIONS

### A. Regarding Chungata's Motion to Dismiss[1]

Plaintiff objects to the recommendation that her claim against Chungata be dismissed, *see* Plaintiff's Mem. in Opposition, DE [70-3], arguing that Magistrate Judge Brown erred in (1) misconstruing Plaintiff's claim, *id.* at 1 ; and (2) failing to address her equal protection and due process claims. *Id.* She does not, however, address, much less challenge, the Report's conclusion that Chungata was acting in a quasi-judicial capacity during the investigation and determination of her complaint and therefore is entitled to absolute immunity.[2] The finding that Chungata is entitled to absolute immunity obviates the need for any analysis of Plaintiff's objections to the extent they pertain to the substance of her claims. Upon *de novo* review of the Report and consideration of Plaintiff's objections thereto, the objections are overruled.

### B. Regarding the Union Defendants' Motion to Dismiss

Plaintiff objects to the recommendation granting the Union Defendants' motion to

---

[1] The sole claim against Chungata is misnumbered in the CAC as a second "Ninth" cause of action instead of "Tenth." The Court will refer to this claim as the Tenth Cause of Action.

[2] Plaintiff also failed to address this argument in her opposition to the motion, despite the fact that the first argument raised in Chungata's motion to dismiss is his entitlement to absolute immunity. *See* Chungata Memorandum in Support at 6, DE [57-1].

3

dismiss the Ninth Cause of Action for violation of Section 301 of the Labor Management Relations Act, *see* Plaintiff's Memorandum of Law in Objection, DE [70-2], arguing that Magistrate Judge Brown erred in concluding that Plaintiff did not sufficiently plead a breach of the duty of fair representation against the Union on the basis that, *inter alia,* (1) the Union settled her grievance against her wishes, *id*. at 5; (2) acceptance of a verbal discipline prevented her from taking various claims to arbitration, *id.*; (3) the settlement was not in her best interests, *id.* p.7;and (4) the Union failed to timely advise her of the settlement. *Id.* Plaintiff has not objected to the dismissal of her claim against Sherman.

The Union responds to Plaintiff's objections, *see* Union Memorandum of Law, DE [72], arguing, *inter alia,* that (1) Plaintiff has waived any objection to the dismissal of Sherman, *id.* at 4; (2) Plaintiff, in her memorandum, impermissibly enhances her arguments with facts not alleged in the Consolidated Amended Complaint, *id.* at 6, 7, 8 n.23; (3) failure to arbitrate does not give rise to a duty of fair representation claim, *id.* at 8; and (4) the Report correctly found that a union has no obligation to consult with, or obtain the consent of, a grievant prior to settling a grievance. *Id.* at 9.

The recommendation of dismissal as to the claim against Sherman is reviewed for clear error, and finding none, is adopted. Upon *de novo* review of the Report and consideration of the parties' respective objections and responses thereto, the Plaintiff's objections are overruled and that portion of the Report granting the Union Defendants' motion is accepted in its entirety.

**C. Regarding the Northwell Defendants' Motion to Dismiss**

    1. <u>Plaintiff's Objections</u>

Plaintiff contends that Magistrate Judge Brown erred, *inter alia:* (1) in recommending

dismissal of her Second Cause of Action to the extent it asserts a claim for discrimination under the ADA; (2) in recommending dismissal of Plaintiff's ADA failure to accommodate claim for failure to exhaust administrative remedies; (3) in recommending dismissal of her Fifth and Sixth Causes of Action by misapplying ADA provisions prohibiting interference with Plaintiff's ADA rights and misconstruing the importance of Northwell sending her a key employee notice under the FMLA while she was on ADA disability leave; and (4) by failing to construe facts in her favor regarding Northwell's alleged violation of the ERISA notice provision by failing to provide her with requested information. *See* Plaintiff's Objections at 3-4, DE [70-1]. Although not included in her list of specific objections, Plaintiff also contends that it was error to dismiss the individual Northwell defendants for failure to file proof of service. *Id.* at 11.

In opposition, Northwell maintains that, *inter alia:* (1) Plaintiff did not assert an ADA discrimination claim in the CAC, *id.* at 3; (2) Plaintiff raises no new arguments regarding either her ADA interference claim, *id.* at 4, or FMLA interference claim, *id.* at 5; (3) Plaintiff is not challenging the recommendation of dismissal of the ERISA claim for failure to pay benefits, but rather is relying upon a single allegation from the CAC that the Hospital is "'refusing to provide her requested information regarding short term and long term disability and' refusing to complete its portion of the paper work that is necessary for her to commence the application process for short and long term disability.' (CAC at ¶399)," *id*. at 6; and (4) Plaintiff has still not filed proof of service of the complaint on the individual Northwell defendants and additionally has not served them with the CAC. *Id.* at 7.

    2. Northwell Defendants' Objections

The Northwell Defendants object to the Report in part, *see* Northwell Objections, DE

[68], arguing *inter alia,* that Magistrate Judge Brown erred in: (1) denying their motion to dismiss the Fourth Cause of Action for hostile work environment under the ADA because (a) the allegations of harassment do not objectively constitute severe or pervasive conduct, *Id.* at 3-4, and (b) the allegations do not support an inference that she was harassed because of her disability, *id.* at 5-6; (2) failing to address their argument that the Eleventh Cause of Action for violation of Section 504 of the Rehabilitation Act should be dismissed because it was newly added in the CAC and exceeded the scope of the order that directed Plaintiff to file a "consolidated amended complaint that addresses all facts and claims in both the earlier and later filed actions," *id.* at 6-7 (quoting Elec. Order of 6/27/18); (3) did not specifically dismiss the Ninth Cause of Action against the Hospital although he recommended dismissal of that claim as against the Union; and (4) failed to address their argument that the CAC is prolix and should be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 8.

In her opposition, *see* Plaintiff's Memorandum of Law in Response, DE [74], Plaintiff argues, *inter alia,* that: (1) the allegations of the CAC plausibly allege both an objective and subjective hostile work environment, *id.* at 2; and (2) defendants have waived any objection they may have had to the addition of facts and claims in the CAC, *id.* at 2-3, 6.

3. Consideration of the Objections to the Report

Plaintiff's Ninth Cause of Action purports to state a "hybrid" claim under the LMRA against both the Hospital and the Union. To establish such a claim, "a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-a-vis the union members." *Nelson v. Local 1181-1061, Amalgamated Transit Union, AFL-CIO*, 652 F. App'x 47, 49 (2d Cir. 2016) (summary order)

(quoting *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001)).  Plaintiff has not plausibly alleged that the Union breached its duty of fair representation, as discussed above. Accordingly, she cannot maintain the hybrid claim and the cause of action is dismissed in its entirety.

Upon *de novo* review of the Report and consideration of the parties' respective objections and responses thereto, both the Northwell Defendants' and Plaintiff's objections are overruled and that portion of the Report resolving the Northwell Defendants' motion is accepted in its entirety.

**D. Further Amendment**

The Northwell Defendants alternatively request that, should the Court not dismiss the CAC in its entirety, Plaintiff be ordered to file a new amended complaint "which contains only the allegations relevant to the claims that exist (if any)."  Northwell Defendants' Objections at 9. In light of the significant changes engendered by the resolution of the motions, the Court agrees that further amendment is warranted.  Accordingly, Plaintiff is directed to file a Third Amended Complaint.

In preparing the Third Amended Complaint, Plaintiff is directed to remove allegations that are not relevant to the remaining claims; she shall <u>not,</u> however, provide any additional factual allegations or claims or include any additional defendants.[3]  Should the Third Amended Complaint contain material that contradicts this directive, the Court will entertain a motion to strike and for sanctions, including reasonable attorneys' fees.

The named defendants in the Third Amended Complaint are limited to Northwell Health

---

[3] She is encouraged, however, to correct obvious typographical errors.

and Peconic Bay Medical Center, and the causes of action are limited to those numbered in the CAC as First, Third, Fourth, Eleventh, and Twelfth, although they should be renumbered in the new pleading. The Third Amended Complaint shall be served and filed **by November 18, 2019.**

## III. CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety, and the motions are resolved as follows:

- Defendant Chungata's motion to dismiss, DE [57], is granted and the Tenth Cause of Action is dismissed,

- The Union Defendants' motion to dismiss, DE [59], is granted and the Ninth Cause of Action is dismissed; and

- The Northwell Defendants' motion to dismiss, DE [60], is granted as to the Second, Fifth, Sixth, Seventh, Eighth, and Thirteenth Causes of Action and denied in all other respects.

The remaining defendants are Northwell Health and Peconic Bay Medical Center; the Clerk of the Court is directed to terminate all other defendants.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: Central Islip, New York
October 18, 2019