

Littler Mendelson P.C.
290 Broadhollow Road
Suite 305
Melville, NY 11747

Joseph A. Gusmano
631.247. 4741 direct
631.247.4700 main
jgusmano@littler.com

August 13, 2024

**VIA ECF**

Hon. Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:     <u>**Mary Colletta v. Northwell Health, Inc. et al.** – No. 17-cv-06652</u>

Dear Judge Locke:

We represent Defendants Northwell Health, Inc., Peconic Bay Medical Center, Stephanie Russo, and Monica Chestnut Rauls ("Defendants") in the above-referenced consolidated action.  We hereby move to compel Plaintiff Mary Colletta to (1) produce a HIPAA authorization for Dr. John Veliath and (2) grant Dr. Solomon authorization to access Plaintiff's Prescription Monitoring Program report.

On July 17, 2024, this Court Ordered Plaintiff to "provide HIPPA authorizations for Dr. John Veliath on or before 7/31/2024 and to grant Defendants and Dr. Solomon access to her Prescription Monitoring Program report."  <u>See</u> Text Order, dated July 17, 2024.  Plaintiff has failed to provide Defendants with a sufficient HIPAA authorization for Dr. Veliath and has wholly failed to grant Dr. Solomon access to her PMP report.

Well in advance of the deadline set by the Court, the undersigned forwarded Plaintiff a partially completed HIPAA authorization for execution.  *See* Exhibit A.  In response, on July 31, 2024, Plaintiff sent the undersigned a completely different (and woefully deficient) authorization for Dr. Veliath.  <u>See</u> Exhibit B.  This authorization only authorized Dr. Veliath to release records concerning Plaintiff's "medical condition attention deficit hyperactivity disorder," did not authorize Dr. Veliath to release "Alcohol/Drug Treatment," "Mental Health Information," and "HIV-Related Information," and, unlike the authorization prepared by Defendants, did not authorize Dr. Veliath to testify about Plaintiff's medical history at a deposition.

On August 1, 2024, the undersigned contacted Plaintiff and requested that she simply initial and execute the authorization prepared by Defendants, and not modify the substance of the authorization in any manner.  Over the next several days, Plaintiff incessantly emailed the undersigned about the authorization, including by sending insufficient variations of the authorization, but refused to execute the authorization provided by Defendants.  Plaintiff posits that she has complied with this Court's Order.

There is no basis for limiting the HIPAA authorization to records concerning ADHD. As conceded by Plaintiff, Dr. Veliath is a primary care physician. As such, it is plausible that he maintains records concerning Plaintiff's other medical conditions at issue in this litigation, including her alleged heart condition and alleged emotional distress.

Therefore, Defendants hereby request that Plaintiff be compelled to execute an unredacted version of the HIPAA authorization attached as Exhibit A and authorize Dr. Solomon to access her PMP report.

Thank you for your consideration of our request.

Respectfully yours,

*/s/ Joseph A. Gusmano*_____

Joseph A. Gusmano
Lisa M. Griffith

Cc: Mary Colletta