UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MARY J. COLLETTA,

                        Plaintiff,         **ORDER**
                                              17-CV-6652(JMA)(SIL)

  -against-

NORTHWELL HEALTH SYSTEMS,
PECONIC BAY MEDICAL CENTER,
STEPHANIE RUSSO, and MONICA
CHESTNUT RAULS,

                        Defendants.
----------------------------------------------------------X

**STEVEN I. LOCKE, United States Magistrate Judge:**

      At a February 27, 2025 motion hearing and status conference, the Court instructed the parties to submit a further status report confirming the completion of outstanding discovery issues (the "February 27 Order"). *See* Docket Entry ("DE") [198]. On March 27, 2025 Defendants Northwell Health Systems, Peconic Bay Medical Center, Stephanie Russo, and Monica Chestnut Rauls (collectively, "Defendants") submitted a status report stating that the discovery identified in the February 27 Order had been completed, but requested an additional 30 days to obtain and review records from the United States Social Security Administration ("SSA") that had been identified at Plaintiff's deposition. DE [200]. That motion is granted as unopposed.

      On March 28, 2025, Colletta submitted a status report in which she purports to "inform the Court of ongoing and significant discovery deficiencies, procedural inequities, and the compounding effects of Plaintiff's *pro se* status . . . ." DE [201] at

1

1. She identifies nine categories of relief that she seeks.[1]  *Id.*  She also moves to refer this matter to "Court-Annexed Mediation."  DE [202].  Her motions are denied for the reasons described below.

    1.    <u>Acknowledgment of *Pro Se* Status</u>

Plaintiff first asserts that she has been "left to navigate complex litigation unassisted" and requests that the Court "acknowledge the involuntary nature of her *pro se* status."  DE [201] at 3.  She seeks no discernable relief and she is free to retain counsel if she wishes to do so.  To the extent Colletta's motion is construed as a request that counsel be appointed, it is denied.  *See United States Sec. & Exch. Comm'n v. Hansen*, 712 F. App'x 99, 100 (2d Cir. 2018) ("[B]ecause this is a civil action, [the plaintiff] ha[s] no right to counsel.").

    2.    <u>Provide Deposition Transcripts Submitted to Defense Experts</u>

Colletta asserts that she "has been repeatedly denied access to deposition transcripts—some of which were relied upon by Defendants' experts."  DE [201] at 2.  She requests that Defendants be ordered "to provide deposition transcripts submitted to defense expert witnesses."  *Id.* at 3.  Although Defendants will be required to substantiate their expert opinions, "[t]he parties in a case are under no legal obligation to provide copies of deposition transcripts to adversaries free of charge."  *Riddle v. Claiborne*, No. 00 Civ. 1374(MBM)(HBP), 2001 WL 1464729, at *1 (S.D.N.Y. Nov. 16, 2001).  Colletta may obtain the transcripts at her own expense and will have the opportunity to question the credibility or substance of any expert opinion in

---

[1] Although filed as a Status Report, the Court treats it as a motion, as Colletta seeks specific relief.

2

accordance with the applicable law. Defendants are not, however, obligated to provide her with copies of deposition transcripts. *Riddle*, 2001 WL 1464729, at *1. This portion of her motion is denied.

3. <u>Grant Plaintiff Equal Time to Submit Expert Rebuttals</u>

Plaintiff asserts that "Defendants' expert disclosures were served more than nine months late" and requests "an equivalent extension of time to procure rebuttal expert reports." DE [201] at 2. Insofar as Colletta seeks an additional nine months to procure expert rebuttal reports, the motion is denied. Nevertheless, in light of the extension of discovery to allow for receipt and review of records from the SSA as described above, Plaintiff may serve any rebuttal expert report on or before May 10, 2025.

4. <u>Permit Alternative Methods to Depose Key Witnesses</u>

Plaintiff asserts that she has "been barred from deposing key defense witnesses" and that witnesses "have been made hostile or rendered inaccessible, with no accommodation or remedy provided to Plaintiff." *Id.* She does not identify any witness she has been barred from deposing or specify how any witnesses have been rendered hostile or inaccessible. To this end, she does not propose any "alternative methods to depose key witnesses" as requested in her motion. *Id.* at 4. In the absence of any actual harm identified or specific relief sought, her motion is denied.

5. <u>Deny or Stay Summary Judgment</u>

Colletta argues that "summary judgment is inappropriate while significant discovery remains outstanding." *Id.* at 2. Defendants have not moved for summary

3

judgment and the Court has not set a summary judgment briefing schedule. To the contrary, Defendants seek additional time to complete discovery. DE [200]. Accordingly, this portion of Plaintiff's motion is denied.

6. <u>Request for Mandatory Settlement Conference</u>

Colletta requests that the Court schedule a "mandatory settlement conference." DE [201] at 3; *see* DE [202] (requesting referral to court mediation program). The Court's Individual Rules of Practice require that a request for a settlement conference be made by a joint letter and identify three dates on which the attorneys and parties are available. Colletta does not state why a settlement conference is appropriate or whether Defendants consent to participating. To this end, in DE [202], Colletta requests referral to "the Eastern District of New York's Court-Annexed Mediation Program pursuant to Local Civil Rule 83.8 . . . ." DE [202] at 1. She again fails to state whether the request is made jointly. Accordingly, this portion of the motion, as well as the motion for referral to mediation at DE [202], are denied without prejudice and with leave to refile in accordance with the Court's Individual Rules.

7. <u>Rule 11 Certification for Future Statements Regarding Settlement</u>

Colletta asserts that prior discussions with Defendants' counsel representing a willingness to settle "have not materialized into good-faith negotiations." DE [201] at 3. She requests that "future statements regarding settlement posture be made subject to Rule 11 certification." *Id.* Although Defendants' counsel is required to adhere to the applicable Rules of Professional Conduct, Rule 11 applies to pleadings,

4

written motions, other papers, and representations to the Court. Fed. R. Civ. P. 11. It does not apply to communications with Colletta. In any event, in a subsequent filing, Colletta contradicts the representation she makes to the Court in this motion and states that "[b]oth parties have engaged in prior good-faith settlement discussions . . . ." DE [202]. This portion of Plaintiff's motion is denied.

8. <u>Proceedings Recorded on the Public Docket</u>

Plaintiff requests that "proceedings be recorded on the public docket." DE [201] at 4. All Court orders and records of proceedings are publicly filed. Colletta does not identify any filings that have not been publicly filed and all parties are required to adhere to the Court's filing requirements. *See* Local Civ. R. 5.2 ("Counsel must serve and file papers by following the instructions regarding ECF published on the website of each respective court, unless exempted from electronic filing . . . ."). As Colletta seeks no actual relief, her request is denied.

9. <u>Leave to Supplement Report and Amend Claims</u>

Finally, Plaintiff seeks leave to "supplement [her] report and amend claims as new facts emerge." DE [201] at 4. Plaintiff is entitled to submit any non-frivolous filings that do not contravene other Court orders. *See Caldwell v. Pesce*, 83 F. Supp. 3d 473, 488 (E.D.N.Y. 2015) ("Plaintiffs are cautioned that Federal Rule of Civil Procedure 11 applies to *pro se* litigants."). As Colletta does not identify any specific supplements or amendments that she currently seeks, she again seeks no discernable relief and her request is denied.

\* \* \*

For the reasons set forth herein, Defendants' motion for an extension of time to complete discovery, DE [200], is granted. The deadline to complete discovery is extended to May 10, 2025. **There will be no further extensions absent extraordinary circumstances.** Defendants are instructed to file a further status report within 21 days of receipt of the outstanding Social Security records.

Plaintiff's motion regarding various discovery and procedural matters, DE [201], is denied for the reasons set forth herein. Plaintiff's motion to for referral to the Court's mediation program, DE [202], is denied with leave to renew in the event all parties agree to mediation.

Dated: Central Islip, New York
April 10, 2025

**SO ORDERED**

<u>s/ Steven I. Locke</u>
STEVEN I. LOCKE
United States Magistrate Judge